DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAMAGE SERVICES, INC.** a/a/o **GNH REAL ESTATE,**
Appellant,

v.

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellee.

No. 4D21-604

[October 13, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Florence Taylor Barner and Jennifer Hilal, Judges; L.T. Case Nos. COCE19-007411 and CACE20-11788.

William J. Roe and Nirav A. Desai of the Law Office of William J. Roe, P.A., Aventura, for appellant.

Patricia M. Rego Chapman of Dean, Ringers, Morgan & Lawton, P.A., Orlando, for appellee.

PER CURIAM.

We affirm a final summary judgment in favor of Citizens Property Insurance Corporation ("Citizens") and against Damage Services, Inc. ("DSI"), an assignee of benefits from an insured of Citizens.

DSI sued Citizens for breach of contract for failing to pay DSI for its water extraction services due to a flooding event at Citizens' insured's property. The insured's policy provided in Coverage G4 that it would not pay more than $3,000 for emergency measures to protect the property, unless a request to exceed the amount was made and approval was given by Citizens. DSI failed to make a request to exceed that limit in accordance with the policy terms.

In *Certified Priority Restoration v. Citizens Property Insurance Corp.*, --- So. 3d ----, 46 Fla. L. Weekly D1546, 2021 WL 2673368 (Fla. 4th DCA June 30, 2021), we addressed the same policy provision for this insurer and held that "the clear wording of the policy established a reimbursement cap on expenses for emergency measures which could not be exceeded

without a request to, and prior approval from, the insurer." Because DSI did not make a request to exceed the policy limit prior to exceeding the limit for the work performed, we affirm.

DSI alternatively argues that it could recover under Coverage A of the policy, which insures against direct loss to the property, because its invoice was for water extraction and remediation. It argues that remediation can be for improvement to the property and thus not within the emergency measure policy provisions.

However, we conclude that the court did not err in rejecting DSI's claim. DSI's complaint described its work as "water extraction" and not as any type of repair. No affidavit was filed by DSI to show that it had performed work other than water extraction. Most importantly, in the assignment of benefits contract, the insured assigned to DSI only its right to payment "in regards to water extraction and dry out services, mold remediation, and/or smoke damage." To the extent that DSI performed other services, it was not assigned the right to collect payments from Citizens for that work, including any work done under Coverage A. Repayment for the damage to the property under Coverage A, if any, would be made to the insured, not DSI.

For these reasons, we affirm the final summary judgment on these grounds. We affirm as to all other issues raised.

*Affirmed.*

WARNER, GERBER and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2